GIMÉNEZ, PLAINTIFF AND APPELLANT, v. ALFONSO,
DEFENDANT AND APPELLEE.

## APPEAL from the District Court of San Juan in an Action of Debt.

### No. 2323.—Decided April 8, 1921.

APPEAL—JURISDICTION.—When the amount sued for in an action brought in a municipal court exceeds three hundred dollars the Supreme Court has jurisdiction of the case on appeal from the district court.

ID.—DEBT—PLEADING.—There arising from the allegations of the complaint in this case, as set forth in the opinion, the obligation on the part of the defendant to pay to the plaintiff the sum claimed, it is necessary to conclude that the complaint alleges facts sufficient to constitute a cause of action.

ID.—ACCOUNT CURRENT.—The creditor on an account current is not obliged to liquidate the account with the intervention and approval of the debtor in order to be able to sue for the balance due, because the liquidation of an account current requires only a simple arithmetical operation.

ID.—ID.—Considering the wording of section 124 of the Code of Civil Procedure, when an action is brought on an account current it is not necessary to set out in detail in the complaint the several items of the account with the price and other facts of each sale.

The facts are stated in the opinion.

*Mr. E. Márquez* for the appellant.

*Mr. A. Agosto* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

An action of debt was brought in the Municipal Court of Bayamón by Manuel Giménez Acosta against Eduardo Alfonso and tried *de novo* in the District Court of San Juan, Section 1. No evidence was offered by the defendant and after hearing the evidence of the plaintiff the district court entered judgment on May 15, 1920, dismissing the complaint on the ground that the facts therein alleged were not sufficient to constitute a cause of action.

From that judgment the plaintiff appealed to this court, alleging, among other things, that the court erred in holding that the plaintiff could not bring an action on the account because it was not liquidated, or because no time was fixed for its payment, and that in any event the court should have

allowed the plaintiff a reasonable time within which to amend the complaint without dismissing it summarily.

The amended complaint contains the following allegations:

"I. That the plaintiff and the defendant are adults and residents of Bayamón, of this judicial district.

"II. That the defendant purchased on current account in the commercial establishment of the plaintiff in Bayamón (dealing in automobile accessories and similar lines of business) various articles of that kind to the value of $577.46 from November 10, 1918, to June 15, 1919.

"III. That prior to the month of November, 1918, the defendant rented from the plaintiff two automobile garages at $6 and $5 a month respectively, payable on the 30th of each month; that the garage rented for $5 was vacated by the defendant on April 30, 1919; that of its rent for the month of October, 1918, he paid only half, or $2.50, and remained owing the other half of the rent for that month, and that at the end of the said month of October he did not pay the rent for the other garage at $6 a month. Thereupon the plaintiff charged to his current account what he was owing for the rent of the garage in the month of October, or $8.50, and as the defendant failed to pay in subsequent months for the rent of the garages, the plaintiff continued to charge his current account with these items, the total amount of rent owing and charged to defendant's account being $81.50.

"IV. That the defendant has paid on the account from November 11, 1918, to June 22, 1919, in different items, the sum of $357 and has also been credited with $3.95 for discounts, the total balance of his account being $360.95; therefore he owes the plaintiff the sum of $308.01.

"V. That on several occasions the plaintiff has attempted to collect from the defendant the said balance of his account, but without success."

The complaint concludes with a prayer for judgment against the defendant for the said sum of $308.01, with lawful interest from July 30, 1919, on which date the complaint was filed, and the costs and expenses of the action.

In the first place we must hold, contrary to the conten-

tion of the appellee, that this court has jurisdiction of the appeal under section 295 of the Code of Civil Procedure, as amended by the Act of March 9, 1905, because the amount in controversy exceeds $300.

We are of the opinion that the facts alleged in the complaint constitute a cause of action, for if the allegations are accepted as true, they impose, as a necessary conclusion of law, the obligation on the part of the defendant to pay to the plaintiff the sum claimed. The origin of the debt which the defendant owes to the plaintiff is sufficiently stated in the complaint, that is, contracts of purchase and sale on account and of rent. That was not so in the case of *Successors of José Martínez* v. *Tomás Dávila & Co.*, 18 P. R. R. 79, in which we held that the facts alleged in the complaint did not constitute a cause of action, for there a debt was claimed arising in part from mercantile relations between the plaintiff and the defendant and in part from the assignment of credits of different mercantile partnerships, without showing the origin of the credits assigned or the contracts which originated such relations.

It was not necessary to liquidate the account with the intervention and consent of the defendant in order to demand payment by him at any time of the balance owing to the plaintiff on the account current, for, according to a judgment of the Supreme Court of Spain of December 2, 1887, accounts current are always considered as liquidated, inasmuch as their liquidation depends upon a simple arithmetical operation. The sums owing for merchandise purchased and not paid for in cash, but charged to account, are, generally and according to commercial custom, collectable at any time that the vendor wishes to demand payment of the balance in his favor, unless there is an agreement to the contrary allowing a certain time for payment, and this exception is a matter of defense.

Nor was it necessary to specify in the complaint the several articles sold and delivered to the purchaser and not paid for by him, with the amount and other circumstances of the different purchases, for section 124 of the Code of Civil Procedure excludes such necessity by providing as follows:

"Section 124.—It is not necessary for a party to set forth in pleadings the items of an account therein alleged, but he must deliver to the adverse party, within ten days after a demand thereof in writnig, a copy of the account, or be precluded from giving evidence thereof. The court or judge thereof may order a further account than the one delivered if it is too general, or is defective in any particular."

Under that statute the plaintiff was not required to detail the items of the account declared on, but it was incumbent upon the defendant to ask for a copy of the account in order to dispute it at the trial if he were so advised. The defendant so understood when he moved the municipal court to order that the plaintiff give him a copy of his account current from its beginning until the entry of the last item prior to the filing of the complaint.

In opposition to the appeal and in support of the affirmance of the judgment, the appellee cites the decision of this court in the case of *E. Rubio & Sons* v. *Carrasco,* 26 P. R. R. 224; but in that case the plaintiff based his action on the liquidation of various accounts, which is not the case here. At all events, the doctrine laid down must govern the question of law that has been raised.

The judgment appealed from is reversed and the case will be remanded to the District Court of San Juan, Section 1, for proceedings not inconsistent herewith.

*Reversed and remanded.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.